IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE FULLER, #00589310, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:13-CV-0944-G-BK |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

In 1991, Petitioner was convicted of aggravated assault and unlawful possession of a firearm and sentenced to 40 and 16 years' imprisonment. *State v. Fuller*, Nos. F91-01794 and F91-01796 (203rd Judicial District Court, Dallas County, 1991), *aff'd*, Nos. 05-91-00693 and 05-91-00694-CR (Tex. App. -- Dallas, Nov. 29, 1993, pet. ref'd). Subsequently, Petitioner unsuccessfully challenged his convictions in state and federal habeas proceedings. *Ex parte Fuller*, No. WR-23,654-03 (Tex. Crim. App. Sep. 14, 1994) (denying state habeas relief); *Fuller v. Scott*, No. 3:94-CV-2666-D (N.D. Tex. Mar. 29, 1996) (denying federal habeas relief), *certificate of appealability denied*, No. 96-10493 (5th Cir. Oct. 11, 1996).[1]

---

[1] Petitioner filed subsequent state habeas applications, which were dismissed. *Ex parte Fuller*, Nos. WR-23,654-04, -05, -07 (Tex. Crim. App. 2008, 2012). Copies of the relevant federal district and appellate court orders are attached.

By this action, Petitioner again seeks to contest his convictions for aggravated assault and unlawful possession of a firearm. (Doc. 3 at 2). He asserts claims previously raised and rejected, as well as new claims. Specifically, he alleges:

(1) the prosecution did not turn over all evidence and improperly admitted letter to ex-wife;

(2) trial court erred in admitting prior convictions;

(3) court erred in making deadly weapon finding on charge of felon in possession of a firearm;

(4) Petitioner was denied right to obtain witnesses at trial; and

(5) Petitioner should be eligible for mandatory supervision.

(Doc. 4 at 2-8).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instructs federal courts to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). The AEDPA also limits the circumstances under which a petitioner may raise a new claim in a second or successive federal habeas application. *See* 28 U.S.C. § 2244(b)(2) (to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense). Before a petitioner may file his application in the district court, however, a three-judge panel of

the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  See 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

In his first federal habeas petition, Petitioner raised two of the claims that he asserts in the current petition (claim 1 and 4 above -- that the prosecution did not turn over all evidence and improperly admitted letter to ex-wife, and that he was denied the right to obtain witnesses for trial (Doc. 4 at 2-4, 5-6)), and this Court denied those claims on the merits.  *See Fuller v. Scott*, No. 3:94-CV-2666-D (N.D. Tex. Mar. 29, 1996) (Findings, Conclusions, and Recommendation at 3-10, attached hereto). Therefore, the above claims are successive and should be summarily dismissed under section 2244(b)(1).  *See* ; *In re Brown*, 457 F.3d 392, 395 (5th Cir. 2006) (dismissing previously raised confrontation clause violation).

To the extent the remaining claims seek relief on grounds not previously presented, the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Because Petitioner must obtain such an order before he can file a successive application challenging his convictions, the new claims should be dismissed without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court on any new claims.  *See* 28 U.S.C. § 2244(b)(3).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the claims previously raised be **DISMISSED** with prejudice as successive, and that the new claims be **DISMISSED** without prejudice to petitioner seeking authorization to file from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(1) and (3).

SIGNED April 2, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENTS

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**

OCT 11 1996

No. 96-10493
USDC No. 3:94-CV-2666

CHARLES R. FULBRUGE III
CLERK

ROBERT LEE FULLER,

        Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

        Respondent-Appellee.

FILED
OCT 15 1996

---

Appeal from the United States District Court
for the Northern District of Texas

---

O R D E R:

    Robert Lee Fuller (Texas prisoner # 589310) has filed a request for certificate of probable cause (CPC) to appeal the district courts denial of his 28 U.S.C. § 2254 habeas petition. Under prior law, permission to appeal would take the form of a certificate of probable cause (CPC). *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Under current law, a certificate of appealability (COA) is needed. 28 U.S.C. § 2253(c)(1)(A).

    Fuller argues: (1) trial counsel was ineffective in failing to ensure the appearance of defense witnesses, (2) evidence from a previous trial was improperly admitted against him, (3) he was denied a fair and impartial trial because he was forced to

O R D E R
No. 96-10493
- 2 -

incriminate himself on cross-examination, and (4) a violation of the prohibition of double jeopardy. A COA may be issued only if the prisoner has made a substantial showing of the denial of a constitutional right. § 2253(c)(2) (emphasis added). Because Fuller has not made a substantial showing of the denial of a constitutional right, his motion for COA is DENIED.

_____
Edith H. Jones
UNITED STATES CIRCUIT JUDGE

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By_____
Deputy
New Orleans, Louisiana
OCT 1 1 1996

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 23 1996
NANCY DOHERTY, CLERK
By_____ Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT LEE FULLER                        ]
                                         ]
                                         ]
VS.                                      ]   NO.   3-94-CV-2666-D
                                         ]
DIRECTOR, TEXAS DEPT. OF CRIM.           ]
JUSTICE, INSTITUTIONAL DIVISION          ]

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of this Court, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

This is an application for habeas corpus, brought pursuant to the provisions of 28 U.S.C. §2254 by a Texas prison inmate. Petitioner seeks relief from concurrent prison terms of 40 years and 16 years which were imposed on him in 1991 by the 203rd Judicial District Court of Dallas County, Texas, following his conviction of the felony offense of aggravated assault in Cause No. F-91-10794-IP, and of the felony offense of unlawful possession of a firearm by a felon in Cause No. F-91-01796-IP. Pursuant to petitioner's election, both cases were tried at the same time without a jury. The convictions were affirmed by the Court of Appeals for the Fifth District of Texas in unpublished opinions, copies of which are included in the state court record. The Texas

Court of Criminal Appeals denied discretionary review, and petitioner's subsequent application for habeas corpus pursuant to the provisions of Art. 11.07 of the Texas Code of Criminal Procedure was unsuccessful. The record reflects that petitioner has exhausted his available state remedies.

Petitioner alleges the following grounds for relief:

1.) That he received ineffective assistance of counsel;

2.) That he was placed in double jeopardy;

3.) That inadmissible evidence was admitted against him;

4.) That he was denied a fair and impartial trial.

Petitioner's estranged wife testified that on March 7, 1991, petitioner came to her house at 620 Hopkins Street with two friends. Sometime later, Edward Kelly and Willie Glenn Franklin, two of her friends, arrived. Petitioner went out to his car and came back with a pistol. He fired two or three shots at Kelly and Franklin, who fled in their automobile. He then shot his wife twice, and left the scene (Transcript, Vol. III, 62-69). Samuel Allen, a fire and arson investigator for the City of Garland, testified that he arrested petitioner on March 8, 1991. Allen was driving some witnesses home when one of them pointed out petitioner as the person responsible for a fire which Allen was investigating. Petitioner was walking on a vacant lot near Avenue F in Garland. When Allen approached petitioner, Allen saw petitioner trying to



pull a gun out of his belt or waistband, and arrested him (Transcript, Vol. III, 43-49).

In his first ground, petitioner alleges that he received the ineffective assistance of counsel, in that counsel did not attempt to obtain the testimony of necessary witnesses, and failed to object to the admission of evidence which had previously been offered in the trial of Cause No. F-91-01795, an arson case against petitioner which was tried on May 20 and 21, 1991, and which terminated in petitioner's acquittal. In a "traverse pleading," petitioner identifies the uncalled witnesses as Mr. Jacko and Steve Hawkins, who were present at the time of the aggravated assault on petitioner's estranged wife. Petitioner does not attempt to suggest what such witnesses could have been expected to testify about, but only claims that "They could have told what they saw or what they heard during and after this incident." (Traverse, p. 4). As noted by respondent, petitioner testified that his lawyer had asked him to list every witness that he wanted called, and that he forgot to list Jacko, and that Hawkins received a subpoena but failed to appear (Transcript, Vol. III, 101). Petitioner's attorney cannot be faulted because Hawkins failed to appear in response to the subpoena, and petitioner's unsupported speculation that these witnesses would have helped his defense is not enough to entitle him to relief. United States v. Cockrell, 720 F. 2d 1423, 1427 (5th Cir. 1983). And there is no merit to petitioner's contention that counsel was remiss in failing to object to the

3

admission of evidence which had previously been offered in the arson trial. The items of evidence about which petitioner complains are State's Exhibits 1, 2 and 3, which are petitioner's written statement; a letter which petitioner had written to his ex-wife and which had been sent to a wrong address, thereby coming into the possession of his estranged wife, who was the victim of the aggravated assault; and the gun which was in petitioner's possession at the time of his arrest. There is no rule of law which would make such evidence inadmissible at petitioner's trials for aggravated assault and possession of the firearm merely because such evidence was offered at the arson trial. Petitioner has failed to show that counsel's performance was deficient or that, but for such deficiency, there is a reasonable probability that the outcome of the case would have been different, and he is not entitled to relief on the ground of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

In his second ground, petitioner claims that he was placed in double jeopardy by being convicted on both cases, because the gun which was used in the aggravated assault was the same one which furnished the basis for the charge of possession of a firearm. But the evidence established that petitioner shot his estranged wife on March 7, 1991 at her home, and that he was arrested the following day at a different location when the arson investigator saw him trying to pull the gun from his waistband. These were two separate

offenses which were committed at different locations on different dates, and the constitutional prohibition against double jeopardy was not violated.

In his third ground, petitioner contends that inadmissible evidence was admitted against him. The evidence about which petitioner complains is the evidence which had been offered at the arson trial, and other evidence which petitioner contends was the fruit of an unlawful search which violated the provisions of the Fourth Amendment. For the reasons stated in the discussion of petitioner's first ground, supra, the evidence used at the arson trial was not inadmissible in the other cases. And since it is apparent that petitioner had the opportunity to assert his Fourth Amendment claim in the state court, he cannot do so here. Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037 (1976).

In his fourth ground, petitioner alleges that he was denied a fair and impartial trial because he was denied the right to call witnesses at his trial, and because he was forced to testify against himself on cross-examination. Petitioner's complaint about uncalled witnesses is without merit for the reasons stated in the discussion of his first ground, supra. And petitioner's claim that he was forced to testify against himself on cross-examination is not supported by the record, which reflects that after the court overruled petitioner's objection and ordered him to answer, the

5

prosecutor withdrew the question and petitioner did not answer it. (Transcript, 103-106).

**RECOMMENDATION:**

I recommend that all relief requested be denied.

Signed this  22nd  day of February, 1996.

                                               UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAR 29 1996

ROBERT LEE FULLER           ]
                            ]
VS.                         ]   NO. 3:94-CV-2666-D
                            ]
DIRECTOR, TEXAS DEPARTMENT OF ]
CRIMINAL JUSTICE, INSTITUTIONAL ]
DIVISION                    ]

### FINDINGS OF THE COURT

After making an independent review of the pleadings, files and records in this case, and the findings, conclusions and recommendation of the United States Magistrate Judge, I am of the opinion that the findings and conclusions of the Magistrate Judge are correct and they are adopted as the findings and conclusions of the Court.

Signed this __29th__ day of __March__, 1996.

_____
UNITED STATES DISTRICT JUDGE

Certified a true copy of an instrument
on file in my office on __1-11-96__
NANCY DOHERTY, Clerk, U.S. District
Court, Northern District of Texas
By_____Deputy

ENTERED ON DOCKET
_____PURSUANT
TO F. R. C. P. RULES
58 AND 79a

0058

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT LEE FULLER ]
]
VS. ] NO. 3:94-CV-2666-D
]
DIRECTOR, TEXAS DEPARTMENT OF ]
CRIMINAL JUSTICE ]
INSTITUTIONAL DIVISION ]

### JUDGMENT

The Court having heretofore entered its Findings in this case,

It is therefore ORDERED, ADJUDGED and DECREED that all relief requested be, and the same is, hereby DENIED.

It is further ORDERED that the Clerk shall transmit a true copy of this Judgment, together with a true copy of the Findings of the Court, to Petitioner and the Attorney General of the State of Texas, Austin, Texas 78711-2548.

Signed this 29th day of March, 1996.

_____
UNITED STATES DISTRICT JUDGE

Certified a true copy of an instrument
on file in my office on 7-11-96
NANCY DOHERTY, Clerk, U.S. District
Court, Northern District of Texas
By _____ Deputy

ENTERED ON DOCKET
3-29-96 PURSUANT
TO F. R. C. P. RULES